**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

G.H., a minor, by and through his parent
and legal guardian, GREGORY HENRY;
R.L., a minor, by and through her parent
and legal guardian, ANGEL CARTER;
B.W., a minor, by and through her parent
and legal guardian, LEROI LUZUNARIS;
on behalf of themselves and all persons
similarly situated,

      Plaintiffs,

v.                    CASE NO.: 4:19-cv-00431-MW-MJF

SIMONE MARSTILLER, in her official
capacity as Secretary of the Florida
Department of Juvenile Justice; and
FLORIDA DEPARTMENT OF JUVENILE
JUSTICE, an agency of the State of Florida,

      Defendants.
_____/

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CLASS ACTION**
**COMPLAINT AND, ALTERNATIVELY, MOTION**
**FOR MORE DEFINITE STATEMENT**

      Defendants, Simone Marstiller, in her official capacity as Secretary of

the Florida Department of Juvenile Justice ("Secretary Marstiller"), and the

Florida Department of Juvenile Justice ("DJJ"), pursuant to Rule 12(b)(6)

G.H., a minor et al v. Simone Marstiller, in her official capacity et al
Case No. 4:19-cv-00431-MW-MJF
Defendants' Motion to Dismiss Plaintiffs' Class Action Complaint and Alternatively,
Motion for More Definite Statement
Page **1** of 37

and (e) of the Federal Rules of Civil Procedure and Rule 7.1 of the Northern District of Florida Local Rules, move to dismiss Plaintiffs' Class Action Complaint and, alternatively, move for more definite statement.

## INTRODUCTION

Plaintiffs' Complaint purports to bring a class action on behalf of juveniles, with a subclass of juveniles with alleged disabilities, and asserts that Defendants' actions violate (1) the Eighth and Fourteenth Amendments of the United States Constitution, (2) the Americans with Disabilities Act, and (3) Section 504 of the Rehabilitation Act. [Doc. 2 - Complaint] The Plaintiff class allegedly consists of "several thousand" juveniles, plus "several hundred subclass members," "who are, or will be, in custody in a DJJ-operated secure detention center" and subject to behavioral or medical confinement ("confinement"). *Id*. at ¶ 103, 108, 111.

There are 21 DJJ-operated secure detention centers throughout the state. *Id*. at ¶ 3. The vision of DJJ is that "[t]he children and families of Florida will live in safe, nurturing communities that provide for their needs, recognize their strengths and support their success." Further, DJJ's mission, is "[t]o increase public safety by reducing juvenile delinquency

G.H., a minor et al v. Simone Marstiller, in her official capacity et al
Case No. 4:19-cv-00431-MW-MJF
Defendants' Motion to Dismiss Plaintiffs' Class Action Complaint and Alternatively, Motion for More Definite Statement
Page **2** of 37

through effective prevention, intervention and treatment services that strengthen families and turn around the lives of troubled youth." Http://www.djj.state.fl.us/about-us/mission. The initial placement of juveniles in Defendant's detention care is governed by the procedures described in § 985.24 et seq., Fla. Stat. (2019) and the length of the stay is limited to 21 days pursuant to § 985.26, Fla. Stat. The rules governing detention services may be found in the Florida Administrative Code, such as Chapter 63G-1, and Chapter 63G-2. Those chapters require that the Defendant provide treatment services for mental health, substance abuse, and suicide prevention, to name a few. Defendant will classify juveniles entering its facility for security purposes, and make room assignments based on classifications that consider the juvenile's history of behavior. 63G-2.020(4). The use of confinement may not be used "to harass, embarrass, demean, or otherwise abuse a youth", and is limited to no more than eight hours "unless the superintendent or his or her designee grants an extension because release of the youth would imminently threaten his or her safety or the safety of others." 63G-2.022(4)(a) and (b). Juveniles are

G.H., a minor et al v. Simone Marstiller, in her official capacity et al
Case No. 4:19-cv-00431-MW-MJF
Defendants' Motion to Dismiss Plaintiffs' Class Action Complaint and Alternatively, Motion for More Definite Statement
Page 3 of 37

required to have daily activities including at least one hour of outdoor exercise.  63G-2.023(7).

According to the three representative Plaintiffs, who are or were confined in two separate centers, "[t]he class is fluid, as [the juveniles] regularly enter and leave the class."  *Id*. at ¶ 104.  As Plaintiffs note, "[t]he statewide average length of stay for a [juvenile] in Secure Detention was 14 days" during "FY 2017-18."  *Id*. at ¶ 46.

Plaintiffs claim that Defendant Secretary Marstiller "is aware of and has deliberately disregarded the substantial risk of harm to the rights of Plaintiffs, and other similarly situated children, by authorizing and subjecting them to illegal conditions of confinement, including a policy and practice of using harmful solitary confinement in violation of the right to be free from cruel and unusual punishment."  *Id*. at ¶ 7.  Plaintiffs claim further that Defendants "have also acted, and are acting, under color of state law to discriminate against Plaintiffs and Class Members with disabilities."  *Id*.

Unfortunately, it is clear that Plaintiffs' purpose in bringing this lawsuit is not to gain relief from some violation of constitutional rights.  Rather, it is to lobby this Court to judicially impose a level of care that is commensurate

G.H., a minor et al v. Simone Marstiller, in her official capacity et al
Case No. 4:19-cv-00431-MW-MJF
Defendants' Motion to Dismiss Plaintiffs' Class Action Complaint and Alternatively, Motion for More Definite Statement
Page **4** of 37

with the position papers, opinions, and articles supplied by various advocacy groups. Even though the Constitution might require Defendants to provide only "the minimal civilized measure of life's necessities," this Complaint alleges an entitlement to much more, and provides little, if any, factual support of a Constitutional violation.

Defendants intend to supply a Memorandum that provides to the Court a framework for determining what the Constitutional standard is, and why there is no precedent from the Supreme Court or the Eleventh Circuit to deviate from that standard, regardless of variations in age or mental or physical health. Defendants will show that the Complaint here contains no factual allegations to support their claims, and is due to be dismissed.

It is difficult to resist spending a great deal of time challenging the validity of the articles and opinions cited in the Complaint, and focus exclusively on the law, as we must. Although the Courts are not the place to debate the best practices for juvenile justice and rehabilitation, it is important for the Court to at least appreciate that in some cases, Plaintiffs grossly mischaracterize the information and opinions expressed in the referenced materials. For instance, Plaintiffs cite to a July 2016 article, *51*

G.H., a minor et al v. Simone Marstiller, in her official capacity et al
Case No. 4:19-cv-00431-MW-MJF
Defendants' Motion to Dismiss Plaintiffs' Class Action Complaint and Alternatively, Motion for More Definite Statement
Page **5** of 37

*Jurisdiction Survey of Juvenile Solitary Confinement Rules in Juvenile Justice Systems*, to allege that "[a]t least 29 states have prohibited juvenile detention facilities from using disciplinary isolation, or any isolation for juveniles." *Id*. at ¶ 77.  Ironically, Florida is listed among the states to have prohibited juvenile isolation, at least for punitive purposes. *51 Jurisdiction Survey*, Attachment 2.  But the article goes on to concede that it considers any state that limits confinement to a maximum of 4 hours per day, as having "banned" the practice. *Id*. at 2.  In another example, Plaintiffs allege that five states have banned solitary confinement for juveniles.  (Doc. 2, ¶ 77) But, upon closer review, only one state (New Mexico) has outright done so through legislation. These sorts of dubious references are meant to create an illusion that Florida is somehow on an island of its own with regard to its treatment of juveniles, as if this had some relevance to the legal inquiry here.

    While material from the various advocacy groups, whether correctly cited or not, may be useful talking points to Plaintiffs to help them move the needle toward their obvious goal of eliminating any form of confinement for

G.H., a minor et al v. Simone Marstiller, in her official capacity et al
Case No. 4:19-cv-00431-MW-MJF
Defendants' Motion to Dismiss Plaintiffs' Class Action Complaint and Alternatively, Motion for More Definite Statement
Page **6** of 37

juveniles, these materials are not legal precedent and should not form the basis upon which this Court makes its decision in this case.

## ARGUMENT

I.    SECRETARY MARSTILLER SHOULD BE DISMISSED

The Complaint should be dismissed as to Secretary Marstiller in her official capacity because such claims are nothing more than claims against the governmental entity itself.   "It is well established that 'suits against an official in his or her official capacity are suits against the entity the individual represents.'"  *Parker v. Williams*, 862 F.2d 1471, 1476 n.4 (11th Cir. 1989); *see also Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 691 n. 55 (1978).   Thus, a suit against an officer in his or her official capacity is simply a redundant way of asserting a plaintiff's claims against the governmental entity.  *Wallace v. City of Montgomery*, 956 F. Supp. 965, 976 (M.D. Ala. 1996).

> In contrast to individual capacity suits, when an officer is sued under Section 1983, in his or her official capacity, the suit is simply another way of pleading an action against an entity of which an officer is an agent . . .  Such suits against municipal officers are therefore, in actuality, suits directly against the city that the officer represents . . . Consequently, a plaintiff cannot rely on a *respondeat superior* theory to hold a municipality liable for individual actions of its officers . . .   Because suits

G.H., a minor et al v. Simone Marstiller, in her official capacity et al
Case No. 4:19-cv-00431-MW-MJF
Defendants' Motion to Dismiss Plaintiffs' Class Action Complaint and Alternatively, Motion for More Definite Statement
Page **7** of 37

against an municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists the need to bring official capacity actions against local government officials . . .

*Busby v. City of Orlando,* 931 F.2d 764, 776 (11th Cir. 1191).  Accordingly, Secretary Marstiller should be dismissed from this action.  Furthermore, as a practical matter, Secretary Marstiller has only been the DJJ Secretary since January 2019, so she personally has only been responsible for "planning, coordinating, and managing the delivery of all programs and services within the juvenile justice continuum" since that time.  § 20.316(1)(b), Fla. Stat. (2019).  [Doc. 2, ¶ 39]

II.     FAILURE TO STATE A CAUSE OF ACTION

   A.    <u>Motion to Dismiss Standard</u>

   "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The federal rule does not require "detailed factual allegations," but "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted).

G.H., a minor et al v. Simone Marstiller, in her official capacity et al
Case No. 4:19-cv-00431-MW-MJF
Defendants' Motion to Dismiss Plaintiffs' Class Action Complaint and Alternatively, Motion for More Definite Statement
Page 8 of 37

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).   The factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.   Although the court must accept a plaintiff's allegations as true when considering a motion to dismiss, a plaintiff's unsupported conclusions of law or mixed fact and law, "unwarranted factual deductions," and "legal conclusions masquerading as facts" will not prevent a Rule 12(b)(6) dismissal.   *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1326 (11th Cir. 2012); *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

A district court has discretion to deny leave to amend a complaint when the plaintiff provides no reason for the district court to believe that the plaintiff could offer sufficient allegations to make a claim for relief that is plausible on its face.   *Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ. ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1287 (11th Cir. 2003); *Patel v. Georgia Dep't BHDD*, 485 F. App'x 982, 982-83 (11th Cir. 2012).

G.H., a minor et al v. Simone Marstiller, in her official capacity et al
Case No. 4:19-cv-00431-MW-MJF
Defendants' Motion to Dismiss Plaintiffs' Class Action Complaint and Alternatively, Motion for More Definite Statement
Page **9** of 37

B.    No Eighth or Fourteenth Amendment Claim

Counts I and II purport to be § 1983 actions pursuant to the Eighth or Fourteenth Amendments.  Plaintiffs' essential allegations are that the use of confinement poses a "substantial risk of serious harm" and that Defendant Secretary Marstiller is subjectively aware of and "is deliberately indifferent to the serious risk of harm" to the juveniles committed to DJJ detention centers.  Plaintiffs allege that the risk of harm begins *immediately* upon isolation, and the deprivations and conditions occur whether a juvenile is locked in his own room or in a separate confinement room.  The attempted blurring of clear constitutional standards by assertions of national statistics, data, trends, studies of various advocates, researchers and professionals highlights the lack of factual or legal substance to the Complaint.

1.    Constitutional Standard:

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment.  Pre-trial detainees, who are not protected directly by the Eighth Amendment, can bring Eighth Amendment claims through the Fourteenth Amendment.  *Bozeman v. Orum*, 422 F.3d 1265,

G.H., a minor et al v. Simone Marstiller, in her official capacity et al
Case No. 4:19-cv-00431-MW-MJF
Defendants' Motion to Dismiss Plaintiffs' Class Action Complaint and Alternatively, Motion for More Definite Statement
Page **10** of 37

1271 (11th Cir. 2005).  A claim based upon alleged unlawful conditions of confinement "requires a two-prong showing: an objective showing of a deprivation or injury that is 'sufficiently serious' to constitute a denial of the 'minimal civilized measure of life's necessities' and a subjective showing that the official had a 'sufficiently culpable state of mind.' "  *Thomas v. Bryant,* 614 F.3d 1288, 1304 (11th Cir. 2010) (quoting *Farmer v. Brennan,* 511 U.S. 825, 834 (1994)).   "Under current precedent, administration segregation  and solitary confinement do  not,  in  and  of  themselves, constitute cruel and unusual punishment." *Quintanilla v. Bryson*, 730 F. App'x 738, 746 (11th Cir. 2018).

### a.   Serious Harm

"[E]xtreme deprivations are required to make out a conditions-of-confinement claim. . . . only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of" a constitutional violation.  *Hudson v. McMillian*, 503 U.S. 1, 8–9, 112 S. Ct. 995, 1000, (1992) (internal citations and quotations omitted).  "Extreme deprivations" are those conditions that "involve the unnecessary and wanton infliction of pain," or are "inhumane."  *Farmer,* at 832, 834.

G.H., a minor et al v. Simone Marstiller, in her official capacity et al
Case No. 4:19-cv-00431-MW-MJF
Defendants' Motion to Dismiss Plaintiffs' Class Action Complaint and Alternatively, Motion for More Definite Statement
Page **11** of **37**

Plaintiffs' Complaint fails to make any factual allegations to support a claim that they have suffered extreme deprivations and are being denied a minimal civilized measure of life's necessities.  What the Complaint alleges is that various advocacy groups assert that "solitary confinement poses a **risk** of harm."  [Doc.2, ¶ 2 (emphasis added)]   Similarly, the Complaint alleges that Defendants subject Plaintiffs to "the serious risk of mental and physical harm."  [Doc.2, ¶ 105 (emphasis added)]   That phrase, "risk of harm," is used 28 times throughout the Complaint.  A "risk" of harm, however, is not equivalent to an extreme deprivation.

Plaintiffs fail to make any factual allegations of **actual, serious harm** that is equivalent to an extreme deprivation.  Any detention facility has risks of harm, in some form or fashion, which come from putting a population of people together under one roof.  There could be risks of harm to the other juveniles, or staff, if confinement is *not* utilized.   Without an allegation of a deprivation that is objectively, sufficiently serious, Plaintiffs cannot maintain a § 1983 claim.  *See*, *Bass v. Perrin*, 170 F.3d 1312, 1317 (11th Cir. 1999) (The suspension of outdoor exercise time for inmates in solitary confinement did not violate the Eighth Amendment; further, claims of

G.H., a minor et al v. Simone Marstiller, in her official capacity et al
Case No. 4:19-cv-00431-MW-MJF
Defendants' Motion to Dismiss Plaintiffs' Class Action Complaint and Alternatively, Motion for More Definite Statement
Page **12** of 37

sleeplessness, mood swings, and loss of muscle tone allegedly resulting from the loss of outdoor exercise time did not qualify as "serious harm" for Eighth Amendment purposes.).   Plaintiffs have not identified a single juvenile that has suffered more than some form of theoretical, serious harm.

Defendants are not unmindful of cases wherein serious harm has been found in situations of *prolonged* solitary confinement, often in combination with other forms of deprivation.   Plaintiffs have cited the concurring opinion of Justice Kennedy in *Davis v. Ayala* in support of their position that "[t]he risk of harm from solitary confinement has been well-recognized by the Supreme Court."   [Doc.2, ¶ 62]; *Davis v. Ayala*, 135 S. Ct. 2187, 2208, 192 L. Ed. 2d 323 (2015).   Justice Kennedy addressed solitary confinement even though the issue had "no direct bearing on the precise legal questions presented by [the] case."   *Id*. The issue arose out of a reference at oral argument to the fact that the death row appellee had served the great majority of his more than 25 years in custody in solitary confinement, likely "in a windowless cell no larger than a typical parking spot for 23 hours a day; and in the one hour when he

G.H., a minor et al v. Simone Marstiller, in her official capacity et al
Case No. 4:19-cv-00431-MW-MJF
Defendants' Motion to Dismiss Plaintiffs' Class Action Complaint and Alternatively, Motion for More Definite Statement
Page **13** of 37

leaves it, he likely is allowed little or no opportunity for conversation or interaction with anyone." *Id*.  Although Justice Kennedy observed that "[y]ears on end of near-total isolation exact a terrible price," he recognized that, "[o]f course, prison officials must have discretion to decide that in some instances temporary, solitary confinement is a useful or necessary means to impose discipline and to protect prison employees and other inmates." *Id.* at 2210.

The serious harm spoken of by Justice Kennedy refers to extreme examples of isolation – not the temporary confinement by DJJ to discipline juveniles who are, according to Plaintiffs, only at the detention centers for an average total of 14 days.  "Prolonged" confinement is a beast of an altogether different nature.  Moreover, it is a matter of degree that does not lend itself to averages but must be examined on a case by case basis.  In this case, there are no allegations to suggest that DJJ engages in anything approaching severe, prolonged periods of confinement.

b.   Subjective Knowledge

Even if Plaintiffs had sufficiently supported their allegation with facts of an objectively, serious harm, Plaintiffs have failed to adequately

G.H., a minor et al v. Simone Marstiller, in her official capacity et al
Case No. 4:19-cv-00431-MW-MJF
Defendants' Motion to Dismiss Plaintiffs' Class Action Complaint and Alternatively, Motion for More Definite Statement
Page **14** of 37

support the second prong of the constitutional standard.  Under the Eighth and Fourteenth Amendments, "a prison official cannot be found liable for . . . denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.  That is, the detainee must show that the prison official acted with deliberate indifference by showing:  "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; [and] (3) by conduct that is more than gross negligence."  *Thomas v. Poveda*, 518 F. App'x 614, 616 (11th Cir. 2013).

First, if the Court agrees that the Plaintiffs have failed to adequately allege the presence of a harm which rises to the required level of an extreme deprivation, e.g., one that deprives juveniles of the minimal measure of life's necessities, then the Court need go no further in its analysis.   Obviously, Defendants could not have subjective knowledge of the harm, and disregard it, if it was not there.  But, assuming that there was

G.H., a minor et al v. Simone Marstiller, in her official capacity et al
Case No. 4:19-cv-00431-MW-MJF
Defendants' Motion to Dismiss Plaintiffs' Class Action Complaint and Alternatively, Motion for More Definite Statement
Page **15** of 37

such a serious harm, then the Complaint fails to appropriately support the allegation of Defendants' "culpable state of mind."

Plaintiffs begin their allegations on this issue on page 37, and continue through page 41 of the Complaint.  For factual support, Plaintiffs first cite to allegations made in a lawsuit against DJJ in 2011 related to the North Florida Youth Development Center. [Doc.2, ¶ 88-89]  But eight year old allegations related to a distinct (now closed) facility, are not facts supporting knowledge of some ongoing, systemic, and inhumane condition. It might be different if the instant lawsuit related only to that facility, and further related to the same malfeasance.   Next, Plaintiffs allege that Defendants' culpable mind is shown by the fact that its policies on confinement are different in its Residential facilities, as opposed to its Secure Detention facilities. [Doc. 2, ¶ 91-93]   This, however, offers no support that some inhumane condition is deliberately being disregarded. The facilities are obviously different, with different purposes, different populations, and different needs for maintaining order.   There are no allegations that the juveniles in one type of facility are deliberately, and sadistically being singled out from those in others.  Lastly, Plaintiffs point to

G.H., a minor et al v. Simone Marstiller, in her official capacity et al
Case No. 4:19-cv-00431-MW-MJF
Defendants' Motion to Dismiss Plaintiffs' Class Action Complaint and Alternatively, Motion for More Definite Statement
Page **16** of 37

their own e-mails and letters, or rather, those sent from Plaintiffs' counsel which urge policy changes.  [Doc. 2, ¶ 95]  These communications, along with all other communications from interested groups on juveniles, may be considered as nothing more than suggestions for future policy changes. They are not authentic evidence of extreme deprivations.

### c.   Officially Sanctioned Acts

Defendants herein may only be held liable under § 1983 for acts for which it is actually responsible - those acts it has "officially sanctioned or ordered" – and cannot be held vicariously liable for acts of its employees. *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479-80, (1986); *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978) ("A local government may not be held liable solely because it employs a tortfeasor."); *Nettles v. City of Leesburg-Police Dep't*, 415 F. App'x 116, 122 (11th Cir. 2010) (stating that a governmental entity's culpability cannot be inferred from a plaintiff's deprivation of federal rights at the hands of an employee of the entity).

Rather, when pursuing a claim against a governmental entity for constitutional violations, a plaintiff must identify a municipal "policy" or "custom" that caused the plaintiff's injury.  *Board of County Comm'rs of*

G.H., a minor et al v. Simone Marstiller, in her official capacity et al
Case No. 4:19-cv-00431-MW-MJF
Defendants' Motion to Dismiss Plaintiffs' Class Action Complaint and Alternatively, Motion for More Definite Statement
Page 17 of 37

*Bryan County, Ok. v. Brown*, 520 U.S. 397, 403, 117 S.Ct. 1382 (1997). "A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality. . . A custom is a practice that is so settled and permanent that it takes on the force of law." *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997). A "plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Brown*, 520 U.S. at 404 (emphasis in original).

Here, Plaintiffs have failed to identify a particular DJJ policy that allegedly causes the inhumane conditions, but should be made to do so. For example, one policy mentioned in the Complaint actually *limits* confinement to 72 hours. [Doc.2, ¶ 48] Is this the policy that causes the alleged harm? Or, are Plaintiffs claiming that *any* policy, allowing *any* amount of confinement, is unconstitutional? Their allegations, instead, make sweeping statements about the violations of unidentified policies,

G.H., a minor et al v. Simone Marstiller, in her official capacity et al
Case No. 4:19-cv-00431-MW-MJF
Defendants' Motion to Dismiss Plaintiffs' Class Action Complaint and Alternatively, Motion for More Definite Statement
Page **18** of 37

such as "children are isolated from others in a locked room for an indefinite period of time."  [Doc. 2, ¶ 47]  If Plaintiffs cannot even identify a particular policy, Defendants cannot be held liable for the adoption of an allegedly unconstitutional policy.

In the absence of a formally adopted policy causing the constitutional violation, Plaintiffs can support their claim through a showing of a widespread practice that rises to the level of policy.   Plaintiffs allege, in places, that Defendant's policies are regularly violated.   However, institutional "liability for deliberate indifference based on the implementation of a facially constitutional policy requires the plaintiff to show that the defendant had actual or constructive notice of a *flagrant, persistent pattern* of violations."  *Goodman v. Kimbrough*, 718 F.3d 1325, 1335-36  (11th Cir. 2013) (quotation marks omitted) (emphasis added) ([T]he fact that jailers ... did not enter every cell in accordance with policy and commonly deactivated emergency call buttons [was] simply insufficient to meet the 'extremely rigorous standard for supervisory liability'" that case precedent demands.); *see also, Silcox v. Hunter*, 2018 WL 3633251, at *6 (M.D. Fla. July 31, 2018) (The plaintiff's allegation of "customarily failing" to follow

G.H., a minor et al v. Simone Marstiller, in her official capacity et al
Case No. 4:19-cv-00431-MW-MJF
Defendants' Motion to Dismiss Plaintiffs' Class Action Complaint and Alternatively, Motion for More Definite Statement
Page **19** of 37

suicide watch policies was insufficient to satisfy the "extremely rigorous standard for supervisory liability; the plaintiff failed to show the existence of a 'flagrant persistent pattern of violations,' let alone that [the sheriff] had actual or constructive knowledge of it.").

Plaintiffs herein have similarly failed to meet the "extremely rigorous standard" of showing that the custom of not following DJJ's written policies is "so settled and permanent as to have the force of law."   Plaintiffs have supplied no factual support of these routine violations, or even identified what policies are supposedly being regularly violated.   Therefore, the Complaint cannot possibly establish a flagrant, persistent pattern of policy violations.   And finally, Plaintiffs have supplied no factual support for the allegation that DJJ had actual or constructive knowledge of a flagrant, persistent pattern of violations of its policies.

Other than Plaintiffs' broad, conclusory generalizations in the preliminary statement and the more narrow and yet factually deficient allegations regarding the three named Plaintiffs, there is a complete absence of any sufficient allegation as to the actual policies, customs or practices of DJJ that are supposedly resulting in unconstitutional, extreme

G.H., a minor et al v. Simone Marstiller, in her official capacity et al
Case No. 4:19-cv-00431-MW-MJF
Defendants' Motion to Dismiss Plaintiffs' Class Action Complaint and Alternatively, Motion for More Definite Statement
Page 20 of 37

deprivations of confinement resulting from deliberate indifference to a known substantial risk of serious harm.  Accordingly, Plaintiffs have failed to state a valid § 1983 cause of action.

### 2.   No Different Constitutional Standard for Juveniles

The Supreme Court has not recognized, contrary to the allegations of the Complaint, a constitutional difference between how juvenile detainees and adult detainees should be treated in order to maintain security and order within a detention center.   In support of their alleged broad consensus that the psychological vulnerability of children places them at an increased risk of harm, Plaintiffs cite the Supreme Court cases of *Graham v. Florida,* 560 U.S. 48, 130 S. Ct. 2011 (2010); *Roper v Simmons,* 543 U.S. 551,560-561, 125 S. Ct. 1183 (2005*),* and *Miller v. Alabama,* 567 U.S. 460, 132 S. Ct. 2455 (2012).   While these three U.S. Supreme Court opinions distinguish the treatment of juveniles from adults as to sentencing issues, the attempted use of dicta regarding juvenile development to establish a general constitutional principle that juveniles must be managed differently in a detention setting is unprecedented.   None of these cases

G.H., a minor et al v. Simone Marstiller, in her official capacity et al
Case No. 4:19-cv-00431-MW-MJF
Defendants' Motion to Dismiss Plaintiffs' Class Action Complaint and Alternatively, Motion for More Definite Statement
Page 21 of 37

attempt to change the constitutional standard for juveniles in a condition of confinement claim.

Neither state law nor the best practices proposed by Plaintiffs define what is constitutional in a detention facility. *Bell v. Wolfish*, 441 U.S. 520, 543, n. 27, 99 S. Ct. 1861 (1979) (stating that the suggestions and goals of various advocates "simply do not establish the constitutional minima"). Neither are the "best interests" of juveniles in secured detention synonymous with what the constitution requires. See *Reno v. Flores*, 507 U.S. 292, 303, 113 S. Ct. 1439, 1448 (1992). Plaintiffs' attempt to bootstrap their theories of best practices and best interests into a constitutionally mandated "better way to do things" is legally unsound and inappropriate.

### 3.   Judicial Deference to Juvenile Detention Officials

For relief in this action, Plaintiffs seek to have this Court "declare that the conditions, acts, omission, policies, and practices of Defendants . . . are in violation of the rights of Plaintiffs and the class and subclass they represent" and to enjoin Defendants' acts and practices. *Id*. at 57-58. Moreover, Plaintiffs seek to have the Court order Defendants "to develop

G.H., a minor et al v. Simone Marstiller, in her official capacity et al
Case No. 4:19-cv-00431-MW-MJF
Defendants' Motion to Dismiss Plaintiffs' Class Action Complaint and Alternatively, Motion for More Definite Statement
Page 22 of 37

and implement, as soon as practical, a plan to eliminate the substantial risk of serious harm described" in the Complaint and to "[r]etain jurisdiction over Defendants until such time as the Court is satisfied that the unlawful policies, practices, acts, and omissions complained of no longer exist and will not recur." *Id*. at 58.

Plaintiffs' demand that the Court oversee the development and application of a plan for the management of DJJ's 21 detention centers calls for the Court to impermissibly insert itself into the business of the legislative and executive branches. Any such attempt is contrary to the dictates of the Supreme Court, as set forth in *Bell v. Wolfish,* where the Supreme Court clearly held that the constitutional question is not whether there is an arguably better way to do things – but whether a "particular system violates any prohibition of the Constitution." *Bell* at 562. Because "the problems that arise in the day-to-day operation of a corrections facility are not susceptible to easy solutions . . . [DJJ] should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Id.* at 547.

G.H., a minor et al v. Simone Marstiller, in her official capacity et al
Case No. 4:19-cv-00431-MW-MJF
Defendants' Motion to Dismiss Plaintiffs' Class Action Complaint and Alternatively, Motion for More Definite Statement
Page 23 of 37

The Supreme Court has warned that "it is not appropriate for the courts to specify which of several professionally acceptable choices should have been made." *Youngberg v. Romeo,* 457 U.S. 307, 322, 102 S. Ct. 2452 (1982). "'[T]he Constitution only requires that the courts make certain that professional judgment in fact was exercised.'" *Id*. at 321. As the Supreme Court has explained:

> In determining whether restrictions or conditions are reasonably related to the Government's interest in maintaining security and order and operating the institution in a manageable fashion, courts must heed our warning that "**[s]uch considerations are peculiarly within the province and professional expertise of corrections officials**, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters."

*Bell,* 441 U.S. at 540, n. 23 (emphasis added); *see also, Whitley v. Albers,* 475 U.S. 312, 322, 106 S. Ct. 1078 (1986) ("That deference extends to a prison security measure taken in response to an actual confrontation with riotous inmates, just as it does to prophylactic or preventative measures intended to reduce the incidents of these or any other breaches of prison discipline. It does not insulate from review actions taken in bad faith and for no legitimate purpose, but it requires that neither

G.H., a minor et al v. Simone Marstiller, in her official capacity et al
Case No. 4:19-cv-00431-MW-MJF
Defendants' Motion to Dismiss Plaintiffs' Class Action Complaint and Alternatively, Motion for More Definite Statement
Page **24** of 37

judge nor jury freely substitute their judgment from that of officials who have made a considered choice.").

Under this guide, the Courts are cautioned against involving themselves in the minutiae of the institution, and it is easy to see why. Would the Plaintiffs here have the Court decide at what point a scuffle becomes a fight, and then decide whether the Constitution allows for 3 hours of confinement, or just 2? Would it be constitutional to confine someone if they were found with contraband? Is it constitutional to confine someone with a knife, but unconstitutional to confine someone selling drugs? Is the Court going to decide which mental health disorders deserve additional "programs, services, and activities?" What if the disorder is transient, like a mood disorder, rather than something more permanent like ADHD or Bi-Polar disorder? The Supreme Court has warned that this is an impermissible endeavor that crosses into the domain of the legislative and executive branches.

C.   No ADA or Section 504 Claim

The Plaintiffs assert claims under the Americans with Disability Act (ADA)(Count III) and Section 504 of the Rehabilitation Act (Rehabilitation

G.H., a minor et al v. Simone Marstiller, in her official capacity et al
Case No. 4:19-cv-00431-MW-MJF
Defendants' Motion to Dismiss Plaintiffs' Class Action Complaint and Alternatively, Motion for More Definite Statement
Page 25 of 37

Act)(Count IV) alleging the same violations.  Specifically, Plaintiffs allege that Defendants discriminate against qualified individuals with a disability by denying them opportunities to receive services in the most integrated setting appropriate for their needs when Defendants place these individuals in some form of confinement because of their behavior.  [Doc. 2, ¶¶ 135-137; 143-146].

The ADA provides that "no qualified individual with a disability be excluded from participation in or be denied benefits of the services, programs, or activities of a public entity."  42 U.S.C. Section 12312.  The Rehabilitation Act provides that, "[n]o qualified individual with a disability be excluded from participation in, denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  29 U.S.C. Section 794(a).  Claims under both statutes are governed by the same standards.  *Cash vs. Smith*, 231 F.3d 1301, 1305 (11th Cir. 2000).

To state a claim under either statute, the Plaintiffs must show: "(1) that [they are] qualified individual[s] with a disability; (2) that [they were] either excluded from participation in or denied the benefits of a public

G.H., a minor et al v. Simone Marstiller, in her official capacity et al
Case No. 4:19-cv-00431-MW-MJF
Defendants' Motion to Dismiss Plaintiffs' Class Action Complaint and Alternatively, Motion for More Definite Statement
Page 26 of 37

entity's services, programs, or activities or [were] otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff[s'] disability." *Bircoll vs. Miami-Dade Cnty.,* 480 F.3d 1072, 1083 (11th Cir. 2007).   The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of an individual; (B) records of such impairment; or (C) being regarded as having such an impairment."   42 U.S.C. Section 12102(2).   A medical or mental diagnosis alone is insufficient to demonstrate a disability under the ADA and the Rehabilitation Act.  *Forbes vs. St. Thomas Univ., Inc.*, 768 F.Supp. 2d 1222, 1229 (S.D. Fla. 2010).   A plaintiff must also demonstrate that any mental health or medical impairment substantially limits a major life activity.   42 U.S.C. Section 12102(2).   Lastly, where a plaintiff claims discrimination based upon the refusal to provide a reasonable accommodation, the plaintiff must also establish that he or she requested the accommodation and that it was denied.  *Schwarz v. the Villages Charter School, Inc.*165 F.Supp. 3d 1153, 1173 (M.D. Fla. 2016, *aff'd sub nom. Schwarz vs. Bd of Supervisors on behalf of Villages Cmty. Dev. Districts*, 672 F.App'x 981 (11th Cir. 2017).

G.H., a minor et al v. Simone Marstiller, in her official capacity et al
Case No. 4:19-cv-00431-MW-MJF
Defendants' Motion to Dismiss Plaintiffs' Class Action Complaint and Alternatively, Motion for More Definite Statement
Page 27 of 37

The ADA and Rehabilitation claims herein are subject to dismissal. The allegations by each named Plaintiff of specific diagnoses and symptoms are not sufficient to support that the impairments substantially limit one or more major life activities. Plaintiffs only allege that they do not have the effective coping skills to manage conditions of confinement. [Doc. 2, ¶ 97] This allegation alone does not establish an impairment that substantially limits one or more major life activities.

Plaintiffs have also failed to plausibly allege an exclusion or discrimination claim pursuant to either statute. Plaintiffs do not allege that they were placed in confinement or remained in confinement because of their "disability." *Redding v. State of Georgia,* 557 Fed. App. 840 (11th Cir. 2014)(A prisoner's ADA claim was subject to dismissal because he failed to allege that his disability was the reason he was assigned a top bunk despite his bottom bunk profile.). There are no alleged facts supporting that Defendants decided to exclude or discriminate against Plaintiffs because of their respective "mental illness" or disability. All three named Plaintiffs allege they were placed in some level of confinement because of their respective behaviors. *Id*. at ¶¶ 15, 16, 24, 32, 34. There are no facts

G.H., a minor et al v. Simone Marstiller, in her official capacity et al
Case No. 4:19-cv-00431-MW-MJF
Defendants' Motion to Dismiss Plaintiffs' Class Action Complaint and Alternatively, Motion for More Definite Statement
Page 28 of 37

supporting that any of the named Plaintiffs, or any other individual, was singled out for confinement because of a disabling mental illness as opposed to disciplinary behavior. *See Gonzalez v. Maurer*, 2017 WL 4531685 (D. Conn. 2017)(dismissing ADA and Rehabilitation Act claims based on denial of eye care, because the complaint was that the prisoner had not received treatment for his vision, not that any vision disability prompted any of the defendants to discriminate against or disadvantage him).

The complaint by each named Plaintiff that they were placed in confinement despite their disability is not a claim protected by either Act. The claims do not assert that each of the named Plaintiffs' mental illness or disability prompted Defendants to discriminate or that he was singled out for confinement because of his disability. *Brown v. Pennsylvania Depart. Of Corrections*, 290 Fed. Appx. 463, 467 (3rd Cir. 2008)(A prisoner's claim that his placement in segregation violated the ADA because he had no access to mental health services failed because the prisoner did not allege facts sufficient to show that the prison denied him access to mental health treatment by reason of his alleged disabilities.); *Tuttle v. Semple,* 2018 WL

G.H., a minor et al v. Simone Marstiller, in her official capacity et al
Case No. 4:19-cv-00431-MW-MJF
Defendants' Motion to Dismiss Plaintiffs' Class Action Complaint and Alternatively, Motion for More Definite Statement
Page **29** of 37

705004 (D. Conn 2018)(The plaintiff's case was dismissed because there were no facts to suggest that the plaintiff was singled out for segregation because of his disabling mental illness rather than for his disciplinary violation).

The named Plaintiffs were not placed in confinement because of their disability, but because their behavior violated detention rules.  G.H. alleges that he was put in confinement for fighting with other juveniles (*Id*. at ¶¶ 15, 16); R.L. alleges she was put in confinement because she was involved in a physical altercation (she categorizes it as being "punched") and peeled paint off the walls (*Id*. at ¶ 24); and B.W. alleges that she was put in confinement because she refused to go to school and was fighting, arguing and cursing at staff (*Id*. at ¶¶ 32, 33).  The precipitating conduct resulting in placement in confinement was not disability-related behavior, but behavior, regardless of disability, that required Defendant to enforce policies to ensure the care, custody and control of its facilities.  Lastly, none of the named Plaintiffs identify an available, reasonable accommodation which failure, standing alone, is fatal to the claims.

G.H., a minor et al v. Simone Marstiller, in her official capacity et al
Case No. 4:19-cv-00431-MW-MJF
Defendants' Motion to Dismiss Plaintiffs' Class Action Complaint and Alternatively, Motion for More Definite Statement
Page 30 of 37

III.   MORE DEFINITE STATEMENT REQUIRED

Even if the Court does not dismiss Plaintiffs' Complaint, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, "[a] party may move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response.  Fed. R. Civ. P. 12(e).  Set forth hereafter is a non-inclusive list of questions that have been generated by the ambiguous and vague allegations of Plaintiffs' Complaint.  Defendants require better clarity as to the following issues in order to appropriately respond to the Complaint:

1.    Are Plaintiffs claiming that *any* confinement is unconstitutional per se?  According to Plaintiffs, "[s]olitary confinement is unnecessary, unproductive, and can be permanently damaging to the individuals subjected to it."  Complaint at ¶ 2.  Further, Plaintiffs quote "authorities" who have allegedly opined that confinement should be eliminated for juveniles.  *Id.*

2.    Are Plaintiffs attempting to create a new constitutional standard for the confinement of juveniles?  Plaintiffs claim that "[t]he risk of harm for children begins immediately when they are isolated in solitary

G.H., a minor et al v. Simone Marstiller, in her official capacity et al
Case No. 4:19-cv-00431-MW-MJF
Defendants' Motion to Dismiss Plaintiffs' Class Action Complaint and Alternatively, Motion for More Definite Statement
Page 31 of 37

confinement."  *Id*. at ¶ 1. So, does that mean the Court must decide if the Constitution requires open doors, and social interaction, at all times for juveniles?

3.    If Plaintiffs are not claiming that any confinement is unconstitutional per se, what length of time is so long that it violates the Constitution?  And how is the time calculated – per confinement, cumulatively during one detention center stay, cumulatively over separate detention center stays or other?  Plaintiffs claim that some detention entities only use "very brief, short-term separation of a youth from others . . . and only as a last resort." *Id*. at ¶ 6.  DJJ allegedly "subjects many children to repeated periods of solitary confinement, increasing the length of time that they cumulatively spend in isolation."  *Id*. at ¶ 49.   What is the time limit which the Constitution permits, beyond which would be unconstitutional?

4.    Is there a constitutional difference between being placed in a specially designated room for confinement and being placed alone in one's own room, or are Plaintiffs treating these confinements as constitutionally the same?  DJJ allegedly "subjects children to solitary confinement by either locking them in the cells they typically live in or by placing them in

G.H., a minor et al v. Simone Marstiller, in her official capacity et al
Case No. 4:19-cv-00431-MW-MJF
Defendants' Motion to Dismiss Plaintiffs' Class Action Complaint and Alternatively, Motion for More Definite Statement
Page 32 of 37

separate confinement cells for the duration of the confinement period."
Would it be unconstitutional to provide a single room to a juvenile who
requests it?

5.      Subclass: If Plaintiffs are not claiming that any confinement is
unconstitutional per se, are they claiming that the subclass of allegedly
disabled juveniles is constitutionally exempt from *any* confinement?   By
alleging that DJJ "does not have a policy to exclude children with mental
illness or who are at a heightened risk of suicide or self-harm from solitary
confinement," Plaintiffs are presumably claiming that such a policy is
constitutionally mandated.  *See id*. at 60.

6.      Subclass: If Plaintiffs are not claiming that the subclass is per se
exempt from confinement, are Plaintiffs seeking to impose different
constitutional standards for different types of alleged disabilities? And must
there be a complete mental health assessment prior to any confinement in
order to determine where on the continuum the individual falls?   Once
again, by alleging that "DJJ, through policy and practice, does not provide
an assessment by a mental health professional before it subjects a child
with mental illness to solitary confinement," Plaintiffs are presumably

G.H., a minor et al v. Simone Marstiller, in her official capacity et al
Case No. 4:19-cv-00431-MW-MJF
Defendants' Motion to Dismiss Plaintiffs' Class Action Complaint and Alternatively,
Motion for More Definite Statement
Page 33 of 37

demanding that such a policy is constitutionally mandated.  *See id*. at 61. Is this Court then being asked to declare which disabilities exempt a juvenile from confinement? Or which disabilities require less time in confinement?

7.    <u>Which of Defendants' policies are unconstitutional per se, and which policies are being customarily violated?</u>

As evident from the handful of questions set out above, Plaintiffs' 140-paragraph Complaint is ambiguous and frequently contradictory.  It is of the utmost importance that Plaintiffs clarify whether they seek to establish that the confinement of all juveniles is unconstitutional per se, whether some heretofore unidentified policies or customs of DJJ are unconstitutional or whether the application of those DJJ policies or customs is unconstitutional.  If it is either of the latter two, specifically what methods, deriving from what policies or customs, are allegedly unconstitutional? Without more precise allegations by Plaintiffs, Defendants cannot appropriately respond to the Complaint.  Moreover, precise allegations will control the direction of what is likely to be a significant legal undertaking.

G.H., a minor et al v. Simone Marstiller, in her official capacity et al
Case No. 4:19-cv-00431-MW-MJF
Defendants' Motion to Dismiss Plaintiffs' Class Action Complaint and Alternatively, Motion for More Definite Statement
Page 34 of 37

Accordingly, if the Court does not dismiss Plaintiffs' Complaint, Defendants request that the Court require Plaintiffs make a more definite statement of their claims.

## CONCLUSION

Plaintiffs' Complaint, more accurately described as a position paper on the status of confinement practices for juveniles, fails to state a cause of action for the alleged violation of constitutional rights and should therefore be dismissed.  Accordingly, Defendants, Simone Marstiller, in her official capacity as Secretary of the Florida Department of Juvenile Justice, and the Florida Department of Juvenile Justice, request that the Court dismiss Plaintiffs' Complaint.   Alternatively, Defendants request that the Court require Plaintiffs to make a more definite statement of their claims.

## LOCAL RULE 7.1(F) CERTIFICATION

In accordance with Local Rule 7.1(F), the undersigned counsel certifies compliance with the word limits in Local Rule 7.1(F).  There are 6,669 words in this Motion to Dismiss Plaintiffs' Class Action Complaint and, Alternatively, Motion for More Definite Statement with incorporated memorandum of law.

G.H., a minor et al v. Simone Marstiller, in her official capacity et al
Case No. 4:19-cv-00431-MW-MJF
Defendants' Motion to Dismiss Plaintiffs' Class Action Complaint and Alternatively, Motion for More Definite Statement
Page 35 of 37

I HEREBY CERTIFY that on October 28, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that the foregoing document is being served this day on all counsel of record identified on the CM/ECF system and transmitted in accordance with CM/ECF requirements.

CAMPBELL TROHN TAMAYO & ARANDA

/s/ Jonathan B. Trohn
JONATHAN B. TROHN
FL BAR #0880558
j.trohn@cttalaw.com
j.kirkland@cttalaw.com
k.cassata@cttalaw.com
s.strickland@cttalaw.com
HANK B. CAMPBELL
FL BAR #434515
h.campbell@cttalaw.com
r.roop@cttalaw.com
p.lizotte@cttalaw.com
ROBERT ARANDA
FL BAR #988324
r.aranda@cttalaw.com
p.roop@cttalaw.com
JOHN MARC TAMAYO
FL BAR #030910
j.tamayo@cttalaw.com
m.cunningham@cttalaw.com
ELLIOTT V. MITCHELL
FL BAR #118342
e.mitchell@cttalaw.com
BARBARA W. DAVIS

G.H., a minor et al v. Simone Marstiller, in her official capacity et al
Case No. 4:19-cv-00431-MW-MJF
Defendants' Motion to Dismiss Plaintiffs' Class Action Complaint and Alternatively, Motion for More Definite Statement
Page 36 of 37

FL BAR #0976301
b.davis@cttalaw.com
u.crews@cttalaw.com
1701 South Florida Avenue
Lakeland, Florida 33803
(863) 686-0043 (phone)
(863) 616-1445 (facsimile)
Attorneys for Defendants

G.H., a minor et al v. Simone Marstiller, in her official capacity et al
Case No. 4:19-cv-00431-MW-MJF
Defendants' Motion to Dismiss Plaintiffs' Class Action Complaint and Alternatively,
Motion for More Definite Statement
Page 37 of 37