IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**G.H., a minor, by and through
his parent and legal guardian,
Gregory Henry, et al.,**

    *Plaintiffs*,

v.                                           CASE NO.:  4:19cv431-MW/MAF

**SIMONE MARSTILLER**, **in her
official capacity as Secretary of
the Florida Department of
Juvenile Justice, et al.,**

    *Defendants*.
_____/

### ORDER ON DEFENDANTS' MOTION TO DESIGNATE DOCUMENTS AS CONFIDENTIAL

This Court has considered, without hearing, Defendants' Motion to Designate Documents as Confidential. ECF No. 48.[1] At issue is an Excel spreadsheet that Defendant Marstiller served in response to Plaintiffs' First Request for Production ("RFP") 99. The spreadsheet identifies every incident where a juvenile was placed in solitary confinement for all twenty-one (21) DJJ detention centers and contains information such as the juvenile's name; the juvenile's identification number; the detention facility name; the name of the staff member who confined the juvenile;

---

[1] Plaintiff's Motion to Strike ECF No. 48-1 is **DENIED**. *See* ECF No. 50, at 8 n.3.

date of birth, race, and gender of the juvenile; and narrative fields describing the incident that led to the confinement and administrative review of the confinement. Pursuant to this Court's Confidentiality Order, ECF No. 36, Defendants move to designate the entire Excel spreadsheet as confidential. For the reasons provided below, the motion is **GRANTED in part and DENIED in part**.[2]

The parties agree that information identifying the juveniles, such as a juvenile's name and identification number, and information protected under HIPAA is confidential. The issue is whether the other information contained in the Excel spreadsheet is confidential such that the entire spreadsheet can be designated confidential. Defendants use Florida's public records law as justification for deeming the entire spreadsheet confidential. Contrary to Plaintiffs' assertion, Defendants do not assert a state law privilege; rather, they argue that the public disclosure laws show the state's strong interest in privacy and protection of the juveniles.[3] This Court agrees with Defendants that the juveniles' privacy is a strong interest and will protect it. This Court finds that Plaintiffs' proposed compromise,

---

[2] Plaintiffs request that this Court order that the confinement data requested in RFP 101 is not confidential and, therefore, can be publicly disclosed. While Plaintiffs anticipate Defendants to assert confidentiality, Defendants have not asserted confidentiality. As such, this Court will not rule on the nature of the confinement data requested in RFP 101. However, this Order should provide guidance as to how this Court will treat such data.

[3] Defendants cannot assert a privilege based on Florida's privilege law to shield documents in this proceeding. ECF No. 29.

2

along with the procedural safeguards in this Order, is sufficient to protect the juveniles' privacy interests.

In an email exchange between the parties, Plaintiffs agreed to treat the spreadsheet (they refer to it as "confinement data") as confidential if they would be allowed to place a summary or similar description of the data fields in the public domain. ECF No. 50-3, at 2. Such a summary would not include any personal identifying information, such as the children's names or the JJID numbers. ECF No. 50-3, at 2.

Defendants object to this solution because they fear that the juveniles' identity may be exposed in the summary of the data. However, Defendants fail to explain how a summary of the data fields that contains no personal identifying information could be used to identify the juveniles. Indeed, even the state statute Defendants cite to in their motion allow "[t]he secretary or his or her authorized agent [to] . . . permit properly qualified persons *to inspect and make abstracts from records for statistical purposes* under whatever conditions upon their use and disposition the secretary or his or her authorized agent deems proper, *provided adequate assurances are given that children's names and other identifying information will not be disclosed by the applicant*." Fla. Stat. § 985.04(7)(a) (emphasis added); ECF No. 48, at 9. Furthermore, Defendants disclosed *some* of the information that they now argue is confidential through a public records request. ECF Nos. 50-1 & 50-2. So, it is

3

perplexing to this Court why, absent identifying information, would the information contained in the spreadsheet be confidential.

But this Court takes the privacy of the juveniles seriously. To be cautious, this Court will require Plaintiffs to go through a procedure before they can publicly disclose a summary of the information contained in the spreadsheet. The goal of the procedure is to ensure that the publicly disclosed information cannot be used to identify the juveniles—an interest asserted by Defendants and protected by the state statutes.

In order to publicly disclose a summary of the information contained in the spreadsheet, Plaintiffs must first provide the summary of the data fields to Defendants. If Defendants believe the summary could identify—either directly or indirectly—any juvenile, they may assert a written objection to Plaintiffs explaining why they believe the summary would identify any juvenile. If Plaintiffs dispute Defendants' objection, Plaintiffs shall notify Defendants in writing of the dispute. The parties shall also confer and make a good faith attempt to reach an agreement. If an agreement cannot be reached, Defendants may, within seven (7) days from the date of written notification of the dispute, file a motion to preclude Plaintiffs from publicly disclosing the summary. The parties may agree to extend the time for such a motion. Plaintiffs shall file a response within seven (7) days of the motion. This

Court may require an *in camera* inspection of the summary that is the subject of the dispute.

In sum, the spreadsheet is deemed confidential in its entirety. However, Plaintiffs may publicly disclose a summary of the information contained in the spreadsheet as long as the summary does not include any juvenile's identifying information, and Plaintiffs follows the procedure outlined in this Order.

**SO ORDERED on August 14, 2020.**

**s/Mark E. Walker</u>**
**Chief United States District Judge**
