# EXHIBIT C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

_____

G.H., *et al.*,

        Plaintiffs,

v.

SIMONE MARSTILLER, *et al.*,

        Defendants.

_____

Case No.: 4:19-cv-431-MW/MJF

## DECLARATION OF DR. LOUIS KRAUS

I, Louis Kraus, hereby declare under penalty of perjury:

1. I am currently Professor and Chief of Child and Adolescent Psychiatry at Rush University Medical Center in Chicago, Illinois. In that capacity, I supervise and train child and adolescent psychiatry fellows in various placements, including in-patient, residential treatment, and outpatient programs for children, adolescents, and young adults. I am also the Psychiatric Director at the Sonia Shankman Orthogenic School, a residential treatment program for children and adolescents in need of support for profound emotional issues; the Director of the Autism Assessment, Research, Treatment and Services Center at Rush University Medical Center; and the Medical Director of the Chicago Metropolitan Easter Seals Therapeutic School, a school providing a continuum of services for children

with autism. I also have a private practice where I assess and treat children and adolescents and provide therapy and psychopharmacological services.

2. I have worked with juveniles in correctional settings for the past 26 years, including for nine years from 1990 to 1999 as the treating psychiatrist at the Illinois Maximum Security Youth Center in Joliet, Illinois. Over my career, I have conducted expert psychiatric and mental health investigations, served as a monitor, and as a consultant concerning juvenile facilities in Illinois, Florida, Maryland, New York, and Arizona. As part of my work as an expert in litigation or monitoring in juvenile conditions cases, in addition to interviewing children, I review a child's records to be able to test and solidify what children have communicated through interviews.

3. As part of my work serving as an expert in litigation, and as part of my clinical practice, I have conducted hundreds of interviews with children, including children who are incarcerated. I have always been able to conduct confidential interviews with children in custody. What I mean by confidential is that I was in the room alone with a child with no one else present or within hearing distance during an interview. None of these interviews were recorded.

4. Based on my experience with children and adolescents, especially in correctional settings, children get nervous and are afraid of reprisals (real or perceived) from the facility staff if they participate in an interview with me. I

believe that requiring the recording of interviews of children in Department of Juvenile Justice custody in secure detention will have a chilling effect on the children's willingness to divulge sensitive details that will assist me in forming an opinion and writing my report.

5. In my experience, children are much more guarded than adults when speaking with me for an evaluation or interview. I need to be able to develop trust and a rapport with each child as part of my interview. It can be especially challenging to develop trust with children who are housed in a juvenile justice or correctional setting because of their experiences with adults and the criminal justice system. Part of how I establish this trust is to let children know that I will do what I can to protect their confidentiality. Youth worry about repercussions from the facility about what they may say.

6. If an interview is recorded, and children know every word that they say will be overheard by experts and attorneys working for the Florida Department of Juvenile Justice, children will also be less open to discuss very sensitive personal matters about their mental health needs and mental health histories. This is especially true for children with disabilities who may be more vulnerable in a juvenile justice or correctional setting.

7. In past interviews, children have expressed concerns and questions to me about who has access to the information that they share. Not recording an

interview offers a likelihood of getting a fuller, interactive, and open exchange with a child during an interview.

8. For these reasons, recording the interviews would interfere with my ability to provide an accurate and complete assessment of the impacts of the Florida Department of Juvenile Justice's use of solitary confinement in secure detention

Under 42 U.S.C. 1746, I declare under penalty of perjury that the foregoing declaration is true and correct.

Executed on the 9th day of October, 2020.

_____
Louis Kraus