UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

_____

G.H., *et al*.,

          Plaintiffs,

v.                                                                           Case No.: 4:19-cv-431-MW/MJF

SIMONE MARSTILLER, *et al*.,

          Defendants.

_____

## MONTHLY JOINT STATUS REPORT ON DISCOVERY

The parties, by and through their undersigned counsel, pursuant to the Court's Initial Scheduling Order (ECF No. 12) which requires a 30-day joint report on the status of discovery, hereby submit the following:

1. On November 5, 2019, Defendants, Simone Marstiller and the Florida Department of Juvenile Justice (DJJ), served each of the named Plaintiffs with a First Set of Interrogatories and each Plaintiff's parent and legal guardian with a First Request to Produce. Plaintiffs requested, and Defendants agreed to, an extension until January 15, 2020 to respond as to Plaintiffs B.W. and G.H. and until January 17, 2020, to respond for Plaintiff R. L. Plaintiffs served responses for Plaintiffs B.W. and G.H. on January 15, 2020, and Plaintiff R.L. on January 17, 2020. The parties conferred on February 25, March 10, and March 17, 2020

regarding Plaintiffs' responses and objections to these Requests and Interrogatories. To address issues raised during the parties' conferrals, Plaintiffs served unverified Amended and Supplemental Interrogatory Responses on April 8, 2020 and provided the declarations for the Responses on April 15, 2020. Subject to the HIPAA and Confidentiality Orders, Plaintiffs also produced responsive documents to Defendants' First Requests for Production on March 27, 2020, after considering the impact of the Court's Order issued on March 24, 2020 (ECF No. 40). These issues have been resolved.

2. On December 27, 2019, Plaintiffs served their First Request for Production to Defendants Simone Marstiller and Florida Department of Juvenile Justice. The Production Requests involve a very large volume of documents and since much of Defendants' staff and legal counsel were working from home, it presented additional challenges to respond. Defendants have requested extensions, and Plaintiffs agreed, to respond and provide supplemental document productions. Defendants have provided responses on March 6, March 20, March 30, April 15, May 1, May 5, May 11, May 14, May 20, June 11, June 26, July 6, and July 8, 2020. The parties are currently in discussions about discovery disputes concerning Defendants' responses and objections in their supplemental responses to Plaintiffs' First Request to Produce Documents. Certain non-objected to documents remain outstanding and the parties are working together to address this issue. Since May 1,

2020, the parties have regularly corresponded and conferred about these issues and continue to do so in an effort to resolve them. Defendants have hired an IT vendor to assist in the production of Electronically Stored Information which the parties hope will address certain issues raised in Plaintiffs' correspondence related to certain outstanding documents and ESI. On August 14, 2020, the Court resolved a dispute between the parties regarding certain "CONFIDENTIAL" designations made by Defendants in an excel file of confinement data. On November 20, 2020, the parties met with DJJ IT representatives to discuss ESI and assist in the production of requested information. DJJ IT staff will continue to assist Defendants' counsel with the production of requested ESI. Further Court intervention may be required if the parties are unable to come to an agreement as to all their discovery disputes.

3. On February 4, 2020, Plaintiffs served their First Sets of Interrogatories to Defendants Simone Marstiller and to the Florida Department of Juvenile Justice. Defendants requested, and Plaintiffs agreed to, an extension until March 26, 2020, and then until March 30, 2020, for both Defendants to respond. Defendants served their Interrogatory responses on March 30, 2020. Plaintiffs anticipate conferring with Defendants regarding certain issues in their responses.

4. On April 14, 2020, Plaintiffs served a Notice of Entry Onto Land for Rule 34 Inspection with a Proposed Stipulation for the purpose of their experts

3

conducting facility inspections and interviews with putative class members at three DJJ juvenile detention facilities in June 2020. On May 14, 2020, Defendants served their Objections to Plaintiffs' Notice of Request for entry onto Land for Rule 34 Inspection. This began a negotiation process over several months regarding the terms of these inspections, including Plaintiffs' Motion to Compel and subsequent withdrawal of the motion. The parties have successfully negotiated an inspection stipulation for January 26 through 28, 2021, at the Duval Regional Juvenile Detention Center, the Alachua Regional Juvenile Detention Center, and the Marion Regional Juvenile Detention Center. ECF No. 80.. On December 17, 2020, Plaintiffs served a Notice of Request for Entry Onto Land for Rule 34 Inspection for the inspections on January 27 through 29, 2021, and served an Amended Notice of Request for Entry Onto Land for Rule 34 Inspection (only as to dates) on December 22, 2020.  On January 21, 2021, Defendants served a Response to the Amended Notice of Request for Entry Onto Land for Rule 34 Inspection.  On January 15, 2021, and January 19, 2021, Defendants produced facility rosters and juvenile face sheets pursuant to the negotiated inspection stipulation.

     5.     On April 21, 2020, each Defendant served a Second Set of Interrogatories to each named Plaintiff. Plaintiffs requested, and Defendants agreed to, an extension until June 11, 2020, to respond. On June 8, 2020 Plaintiffs

4

requested an additional 30-day extension to serve responses and objections to these Interrogatories, which Defendants agreed to, making them due July 13, 2020. On that date, Plaintiffs served Plaintiff R.L.'s and Plaintiff B.W.'s Responses and Objections to these Interrogatories. Plaintiffs requested, and Defendants agreed to, an additional two-week extension to serve responses and objections to Interrogatories to Plaintiff G.H., making them due July 27, 2020. On that date, Plaintiff G.H. served his Responses and Objections to these Interrogatories. The parties met and conferred on August 7, 2020, to discuss certain issues as to Plaintiffs' responses and objections to Defendants' Second Set of Interrogatories. Although Plaintiffs did not agree with all of the issues raised by Defendants, on August 14, 2020, Plaintiffs requested until September 4, 2020, to serve amended or supplemental responses by September 21, 2020. On August 24, 2020 Plaintiffs requested to have until September 21, 2020, to provide their amended responses, to which Defendants agreed. Plaintiffs requested this extension to coordinate providing these responses with their clients during the COVID-19 pandemic. Plaintiffs served their amended responses on September 21, 2020.

6.     On August 26, 2020, Defendants served a Second Request to Produce to Plaintiffs. Pursuant to an agreement between the parties, Plaintiffs' response was served on September 25, 2020. Plaintiffs served a Supplemental Response to Defendants' Second Request to Produce on January 18, 2021.

7. On April 24, 2020, the Court entered an Order Amending Scheduling and Mediation Order (ECF No. 44) pursuant to the parties' Joint Motion. On October 7, 2020, the parties filed a Joint Motion to Modify the Scheduling Order (ECF No. 44). The Court granted this Motion on October 7, 2020, (ECF No. 56) and entered a Second Amended Scheduling and Mediation Order on October 9, 2020, (ECF No. 57).

8. The Court issued a Qualified HIPAA Protective Order on January 9, 2020, to address issues of confidentiality related to the production and exchange of protected health information in this case. ECF No. 29.

9. The Court issued a Confidentiality Order on March 3, 2020, to address issues of confidentiality related to the production and exchange of information that the parties believe should be designated as confidential but are not covered by the HIPAA Qualified Protective Order. ECF No. 36.

10. On February 6, 2020, the parties conferred about the retention of, and how to narrow the preservation of, relevant and discoverable video evidence concerning the use of confinement at the 21 DJJ-operated detention facilities. The parties agreed that Defendants will preserve certain confinement cell video footage that is under dispute until such time as Plaintiffs file a motion to compel to have the Court resolve the dispute. The parties had no dispute as to the production of video footage from areas outside where confinement is used at each detention

center; that discovery was requested and produced on a monthly basis. On September 25, 2020, November 6, 2020, December 7, 2020, and December 14, 2020, Plaintiffs made production requests for the video footage from areas outside where confinement is used at several detention centers and requested that certain footage from inside cells used for confinement be preserved. Defendants began producing the requested video footage on November 20, 2020, and are in the process of providing the remainder. Recently, Defendants expressed concerns about continuing to preserve and produce this video footage. The parties intend to meet and confer about this issue. Judicial intervention may be required.

11. After discussions between the parties about the named Plaintiffs' depositions, on January 14, 2021, Defendants served a Notice of Taking Depositions of Plaintiffs Via Remote-Video Conference for the three named Plaintiffs. On January 19, 2021, Defendants served a Notice of Taking Depositions Via Remote-Video Conference for the parents of the named Plaintiffs and served Subpoenas for these depositions on the parents' counsel who will be representing them at the depositions.

## Certificate of Word Limit

Pursuant to N.D. Local Rule 7.1(F), the undersigned counsel hereby certify that this filing contains 1,498 words.

Dated: January 22, 2021                                        Respectfully submitted,

s/ Andrea Costello                                             s/ Jonathan B. Trohn
Andrea Costello                                                Jonathan B. Trohn
Fla. Bar No. 532991                                            Fla. Bar No. 0880558
Christopher M. Jones                                           J.trohn@cttalaw.com
Fla. Bar No. 994642                                            J.Kirkland@cttalaw.com
Jennifer Painter                                               K.Cassatta@cttalaw.com
Fla. Bar No. 110966                                            S.Strickland@cttalaw.com
Aimee Lim                                                      Hank B. Campbell
Fla. Bar No. 116209                                            Fla. Bar No. 434515
Rachel Ortiz                                                   h.campbell@cttalaw.com
Fla. Bar No. 0083842                                           r.roop@cttalaw.com
Florida Legal Services                                         p.lizotte@cttalaw.com
122 E. Colonial Drive, Suite 100                               Robert Arranda
Orlando, FL 32801                                              Fla. Bar No. 988324
Telephone: (407) 801-0332 (direct)                             r.aranda@cttalaw.com
andrea@floridalegal.org                                        r.roop@cttalaw.com
christopher@floridalegal.org                                   John Marc Tamayo
jennifer.painter@floridalegal.org                              Fla. Bar No. 030910
aimee.lim@floridalegal.org                                     j.tamayo@cttalaw.com
rachel.ortiz@floridalegal.org                                  m.cunningham@cttalaw.com
                                                               Elliott V. Mitchell
Dante P. Trevisani                                             Fla. Bar No. 118342
Fla. Bar No. 72912                                             e.mitchell@cttalaw.com
Laura A. Ferro                                                 Barbara Davis
Fla. Bar No. 1015841                                           Fla. Bar No. 976301
Marcel A. Lilavois, Jr.                                        b.davis@cttalaw.com
Fla. Bar No. 1016175                                           u.crews@cttalaw.com
Sam Thypin-Bermeo                                              Jennifer Vasquez
Fla. Bar No. 1019777                                           Fla. Bar. No. 71942
Florida Justice Institute, Inc.                                j.vasquez@cttalaw.com
100 SE 2nd St., Ste 3750
Miami, FL 33131

Telephone: (305) 358-2081
dtrevisani@floridajusticeinstitute.org
lferro@floridajusticeinstitute.org
Mlilavois@floridajusticeinstitute.org
sthypin-bermeo@floridajusticeinstitute.org

Kelly Knapp
Fla. Bar No. 1011018
Leonard J. Laurenceau
Fla. Bar No. 106987
Southern Poverty Law Center
1701 South Florida Avenue
2 S. Biscayne Blvd., Suite 3750
Miami, FL 33137
Telephone: (786) 347-2056
kelly.knapp@splcenter.org
leo.laurenceau@splcenter.org

**Attorneys for Plaintiffs**

Campbell Trohn Tamayo & Aranda
1701 South Florida Avenue
Lakeland, Florida 33803
(863) 686-0043 (phone)
(863) 616-1445 (Facsimile)

**Attorneys for Defendants**