# EXHIBIT 6

(filed under seal pursuant to ECF No. 36)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

_____

G.H., *et al.*,

          Plaintiffs,

v.                                                                                    Case No.: 4:19-cv-431-RH/MJF

JOSEFINA TAMAYO, *et al.*,

          Defendants.

_____

### DECLARATION OF RACHEL ORTIZ IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

I, Rachel Ortiz, declare under penalty of perjury:

1.     I am an attorney with Florida Legal Services and an attorney of record in the above-captioned litigation. I am admitted to practice in the State of Florida and the U.S. District Court for the Northern District of Florida.

2.     I submit this Declaration in support of Plaintiffs' Motion for Class Certification with Incorporated Memorandum of Law to summarize discovery produced in this case about Department of Juvenile Justice (DJJ) secure detention center incident reports[1] pursuant to Rule 1006 of the Federal Rules of Evidence.

---

[1] The Florida Department of Juvenile Justice (DJJ) uses incident reports to document an event that is disruptive to the daily operation of the facility. *See* Fla. Admin. Code R. 63G-2.014(38). DJJ policy requires staff to complete an incident report whenever a child is placed in confinement as defined in Defendants' administrative rules. Fla. Admin. Code R. 63G-2 022(3)(c)(1).

Specifically, the DJJ incident reports dated from January 1, 2017, through approximately March 6, 2020, for all 21 secure detention centers, produced on a rolling basis starting on March 15, 2020. I also submit observations about discovery produced in this litigation that I personally reviewed.

3. For purposes of this Declaration, I use the term "behavioral confinement," as referenced in the DJJ incident reports, which is defined by Defendants as, "Placement of a youth in a secure room during situations in which a youth's onset of behavior imminently and substantially threatens the physical safety of others or compromises security." Fla. Admin. Code R. 63G-2 014(7).

4. I reviewed more than 3,500 incident reports from all 21 detention centers and observed that youth in secure detention were repeatedly subject to behavioral confinement for the following reasons:

a. ███████████████████████████████████████████;
b. ██████;
c. ██████████;
d. █████████████████████████████████████████████
   ████████████████;
e. ██████████████████████;
f. ████████████;
g. ██████████;

h. 

; and,

i. ███████████████████████████████████████████.

5.      The incident reports from various secure detention centers that are attached to my Declaration fairly represent the incident reports I have reviewed that describe DJJ detention staff's use of behavioral confinement as a consequence for the behaviors listed in the preceding paragraph.

6.      I also reviewed all of the training materials produced by Defendants in response to Plaintiffs' First Requests for Production.[2] Among these documents, I did not identify any staff training about the process for secure detention staff to receive and review requests from youth for reasonable modifications or accommodations.

7.      I have reviewed Defendants' responses to other Requests for Production (RFPs), including requests to DJJ for all policies related to providing reasonable accommodations or modifications. These requests are:

> RFP No. 1 to Defendant DJJ: All policies related to reasonable modifications and/or reasonable accommodations for youth with

---

[2] Specifically, I reviewed "2020-05 01 - MARST 25794-25839 - RFP 42. Third Supp. Response to RTP - Impact Training (00791545).PDF"; "2020-03 20 - MARST 13078-13195.pdf"; and "2020 03 06 - MARST 7367 10410.PDF."

3

disabilities in solitary confinement or confinement in any and all facilities;

RFP No. 2 to Defendant DJJ: All policies related to DJJ staff review of or response to any request for a reasonable accommodation and/or modification from youth in any and all facilities; and

RFP No. 3 to Defendant DJJ: All policies related to youth with disabilities.

In response to each of these requests, Defendants state that they "have already provided Plaintiff with all 'centrally promulgated, disseminated, and enforced' policies." *See* DJJ's Response to Plaintiffs' First RFPs at Nos. 1-3. In response to these RFPs, Defendants only cite to the DJJ administrative code rules and secure detention Facility Operating Procedures. I saw nothing in these documents requiring that a designated ADA coordinator consider and decide on a request for a reasonable modification or accommodation by a child in secure detention.

Under 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing Declaration is true and correct.

Executed on the 30th day of April, 2021.

_____
Rachel M. Ortiz

4