# EXHIBIT 13

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

_____

G.H., *et al.*,

        Plaintiffs,

                        Case No.: 4:19-cv-431-RH/MJF

v.

JOSEFINA TAMAYO, *et al.*,

        Defendants.

_____

## DECLARATION OF ANDREA COSTELLO IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

I, Andrea Costello, hereby declare under penalty of perjury:

1. I am a licensed attorney and Director of the Florida Institutional Legal Services Project at Florida Legal Services. I represent the Plaintiffs in the above-captioned action. I submit this Declaration in support of Plaintiffs' Motion for Class Certification. This Declaration is based on my personal knowledge.

2. Florida Legal Services (FLS), The Southern Poverty Law Center (SPLC), and the Florida Justice Institute (FJI) (collectively, "Plaintiffs' Counsel") seek appointment as class counsel for the proposed Plaintiff class in this action under Rule 23(g) of the Federal Rules of Civil Procedure.

3.      As set forth below, Plaintiffs' Counsel possess the class action experience, knowledge of substantive areas of law, and resources necessary to fairly and adequately represent the interests of the proposed Plaintiff class in this action.

4.      FLS, SPLC, and FJI are non-profit civil rights organizations, all founded and operated since the 1970s. Combined, these four organizations hold decades of class action litigation experience in cases similar to *G.H., et al. v. Tamayo, et al.*

5.      FLS attorneys have extensive experience in class action cases and federal civil rights claims. *See, e.g.*, *Canupp v. Liberty Behav. Healthcare Corp.*, 447 F. App'x 976, 977-78 (11th Cir. 2011) (describing Florida Institutional Legal Services, among others, as "experienced counsel for the parties" in a settlement of a class action lawsuit); *Canupp v. Liberty Behav. Healthcare Corp.*, No. 204CV260FTM33DNF, 2005 WL 8148817, at *6 (M.D. Fla. Mar. 29, 2005) (finding that Florida Institutional Legal Services, among others, would adequately represent the class in part because there was no dispute as to their experience, qualifications, and ability to do so); *Catron v. City of St. Petersburg*, Case No. 8:09-cv-00923-SDM-EJ, Doc. 19, 19 (M.D. Fla. August 18, 2009) ("Plaintiffs' counsel [Florida Institutional Legal Services, among others] is properly qualified, well-experienced, and able to serve as class counsel"); *Brown v. Sec'y, Dep't of*

*Corr.*, No. 203CV526FTM29DNF, 2005 WL 1473817, at *10 (M.D. Fla. June 21, 2005) (finding the adequacy requirement satisfied in part because of there was no question as to "the qualifications, experience or ability of plaintiffs' counsel" to represent the putative class); *DuBois v. Medows*, Case No. 4:03- cv-107-SPM, Doc. 75, 11 (N.D. Fla. March 1, 2004) ("[T]he adequacy requirement is met [in part] because Plaintiffs' counsel [Florida Institutional Legal Services and attorney of record Andrea Costello, then with Southern Legal Counsel, among others] has demonstrated competence with these claims.").

6. SPLC attorneys have extensive experience in class action cases and federal civil rights claims. *See, e.g.*, *Gayle v. Meade*, No. 20-21553-CIV, 2020 WL 3041326, at *15 (S.D. Fla. June 6, 2020) (appointing SPLC, among others, as class counsel to "fairly and adequately represent the interest of the class as to conditions of confinement" in part due to counsels' "extensive experience in representing clients in class action suits throughout the United States"); *Dunn v. Dunn*, 318 F.R.D. 652, 667, 680 (M.D. Ala. 2016), *modified sub nom. Braggs v. Dunn*, No. 2:14CV601-MHT, 2020 WL 2395987 (M.D. Ala. May 12, 2020) ("Lawyers affiliated with the Southern Poverty Law Center [among others] … have substantial experience in litigating class actions and in the complex substantive areas of both prisoners'-rights and disability-rights law"); *Dockery v. Fischer*, 253 F. Supp. 3d 832, 856 (S.D. Miss. 2015) ("The proposed class counsel, which

3

includes attorneys from the Southern Poverty Law Center have extensive experience handling complex litigation and class actions"); *Johnson v. Jessup*, 381 F. Supp. 3d 619, 637–38 (M.D.N.C.2019) (appointing SPLC, among others as "well qualified to represent the two classes"); *Recinos-Recinos v. Express Forestry, Inc.*, 233 F.R.D. 472, 480–81 (E.D. La. 2006) (finding that "the Southern Poverty Law Center adequately represents the proposed class" due to "significant experience" and "sufficient funds to thoroughly litigate this matter"); *Hall v. Cty. of Fresno*, No. 111CV02047LJOBAM, 2015 WL 5916741, at *3 (E.D. Cal. Oct. 7, 2015) (appointing SPLC lead attorney in this matter, Kelly Knapp, then-associated with Prison Law Office, among others, as "experienced class counsel knowledgeable in the applicable areas of the law.").

7.  FJI attorneys have extensive experience in class action cases and federal civil rights claims. *See, e.g., Hoffer v. Jones*, 323 F.R.D. 694, 701 (N.D. Fla. 2017) (appointing FJI as class counsel for class of prisoners with hepatitis C); *Copeland v. Jones*, No. 4:15-CV-00452-RH/CAS at D.E. 78 (preliminarily appointing FJI as class counsel for class of FDC prisoners with hernias); *Underwood v. Manfre*, No. 3:13-CV-192-J-34PDB, 2014 WL 67644, at *8 (M.D. Fla. Jan. 8, 2014) (appointing FJI and ACLU as class counsel for class of jail correspondents); *Hamilton v. Hall,* No. 3:10 cv 355, 2011 WL 2161139 (N.D. Fla. May 26, 2011) (appointing FJI and ACLU as class counsel for class of jail

4

inmates); *Raines v. Florida*, 987 F. Supp. 1416, 1420 (N.D. Fla. 1997) ("Counsel for Plaintiffs [FJI] has spent many years litigating questions concerning prison conditions, and his advocacy has always been of the highest quality"); *Lawson v. Wainwright*, 108 F.R.D. 450, 457 (S.D. Fla. 1986) ("In the instant case, this Court has no doubt that Plaintiff [prisoner class] is represented by competent, diligent counsel [from FJI]. The Court file reflects that Plaintiff and his counsel will zealously pursue the interests of the class.").

8. In addition to their experience, Plaintiffs' Counsel also has more than sufficient resources to vigorously prosecute this case in the interests of the Plaintiff class. Throughout the pendency of this matter, Plaintiffs' Counsel have committed substantial time and resources to litigate this matter. To date, Plaintiffs' Counsel has retained three experts to provide expertise to the Court, conducted inspections of three Department of Juvenile Justice regional juvenile detention facilities, has filed and responded to six discovery motions and prevailed on a motion to dismiss, served and answered over 100 interrogatories, defended multiple depositions, and litigated two extensive discovery motion hearings in the matter to date.

9. The current team dedicated to this lawsuit includes the ten attorneys of record, supported by three paralegals, legal interns and fellows, and other institutional supports available across the three organizations.

10. I am aware of no circumstance or condition that would in any way impair Plaintiffs' Counsel's ability to continue with vigorous litigation in this matter.

11. I am aware of no conflicts of interest between any of Plaintiffs' Counsel and any members of the proposed Plaintiff class.

12. Plaintiffs' Counsel stands ready and well prepared for appointment to adequately and fairly represent the proposed class and subclasses throughout the lifetime of this litigation.

Under 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing Declaration is true and correct.

Executed on the 30th day of April, 2021.

*Andrea Costello*
Andrea Costello