**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


G.H. et al,

       Plaintiffs,

v.                                                    CASE NO. 4:19cv431-RH-MJF

JOSEFINA TAMAYO et al.,

       Defendants.

_____/


**ORDER DENYING THE DEFENDANTS' MOTION
ON THE DEADLINE FOR 26(a)(2) DISCLOSURES**


The defendants have moved for a "protective order"—an order (1)

precluding the plaintiffs' experts from adding to or amending the opinions already

disclosed or (2) allowing the defendants' experts to add to or amend their own

opinions in response to any new disclosures by the plaintiffs. The defendants assert

the plaintiffs' experts have "grant[ed] themselves an open-ended extension." ECF

No. 182 at 1.

The plaintiffs' experts have done nothing of the kind. The deadline for the

plaintiffs' disclosures, like the deadline for the defendants', was set by the court.

Because of the defendants' obstruction, the plaintiffs may be allowed to

supplement their disclosures. The defendants say they obstructed nothing, but they apparently threatened disciplinary action against the plaintiffs' experts for taking steps the court authorized and that plainly were not a proper basis for discipline. The defendants may eventually reap what they sowed.

As of now, though, nobody has been allowed to supplement anything. Any after-the-deadline disclosure will be addressed when offered based on the reason for missing the deadline. While the defendants continue to complain that they were not allowed to record the plaintiffs' interviews with class members and witnesses, this happens in every trial, with few, if any, exceptions. In the hundreds of trials over which I have presided, there probably has never been one in which all client and witness interviews were recorded, let alone in which all recorded interviews were made available to the other side.

Only one assertion in the defendants' submission causes concern. The defendants say the plaintiffs' expert reports identify children by initials and that the actual identities have not all been disclosed. The plaintiffs should immediately provide the defendants' attorneys the names associated with the initials, and the defendants' attorneys should not further disclose the identities except as necessary in connection with this litigation.

For these reasons,

IT IS ORDERED:

The motion for a protective order, ECF No. 182, is denied.

SO ORDERED on January 17, 2022.

s/Robert L. Hinkle
United States District Judge